NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BEVERLY A. WHITE,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2024-2052

---

Petition for review of the Merit Systems Protection Board in No. DA-0831-22-0375-I-1.

---

Decided: February 7, 2025

---

BEVERLY A. WHITE, Houston, TX, pro se.

KARA WESTERCAMP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, HUGHES and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Beverly White appeals a decision of the Merit Systems Protection Board (Board) affirming the Office of Personnel Management's (OPM) denial of her request for a deferred annuity under the Civil Service Retirement System (CSRS). For the following reasons, we *affirm*.

## BACKGROUND

Ms. White worked as a nurse assistant for the Department of Veterans Affairs (VA) from 1982 until 1990. S. Appx. 11.[1] In 1991, Ms. White submitted an "Application for Refund of Retirement Deductions" under the CSRS to OPM. S. Appx. 31. The form required Ms. White to identify living current or former spouses and to notify said spouses she was applying for a refund. *Id*. at 32–33. Ms. White identified her current husband, Franklin White, her ex-husband, Franklin Bingham, and stated the whereabouts of her ex-husband were unknown. *Id*. OPM subsequently requested Ms. White submit affidavits confirming she did not know her ex-husband's whereabouts. S. Appx. 37. She did, and OPM authorized a refund of deductions in 1991. S. Appx. 38–41; *see also* S. Appx. 49 (archival data showing OPM paid Ms. White $8,772.49 via a voucher dated April 15, 1991).

In 2022, Ms. White applied for deferred or postponed retirement benefits based on prior federal service. S. Appx. 42. OPM denied her request based on her previous refund. S. Appx. 16. Ms. White argued she never received a refund or intended to apply for a refund; she merely reached out to OPM with questions about pension benefits. *Id*. OPM could not provide confirmation of whether Ms. White

---

[1] "S. Appx." refers to the Supplemental Appendix attached to Respondent's Informal Brief.

received the refund because the voucher was over 9 years old. *Id*. at 20.

Ms. White appealed, and the Board held she had not carried her "burden to establish an entitlement to the benefits" by a preponderance of the evidence. *Id*. at 17–19; *see also Cheeseman v. Off. of Pers. Mgmt.*, 791 F.2d 138, 141 (Fed. Cir. 1986). The Board noted Ms. White offered little evidence other than her own testimony that she did not receive the refund, S. Appx. 19, and found OPM's records "compiled and maintained in the ordinary course of business" outweighed this testimony, *id*. at 20. The Board also found the lack of evidence of Ms. White's receipt of the 1991 refund was "due to the lapse of time" and was "material and prejudicial to OPM." *Id*. at 20.

Ms. White petitioned for review of the Board's decision, and the Board denied her request. S. Appx. 2. Ms. White now appeals. We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

On appeal, Ms. White argues the Board erred: (1) in finding she applied for and received a refund, (2) in disregarding inconsistencies and omissions within OPM's records and the record below, and (3) by failing to address the administrative judge's bias and misrepresentations of her testimony. We must affirm a Board decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Ms. White argues the Board erred in finding she applied for and received a refund. Appellant's Informal Reply Br. 2, 9. The Board relied on Ms. White's signed 1991 application, her repeated correspondence with OPM to ensure its completion, and her lack of refuting evidence. S. Appx.

19.   Absent fraud, duress, or mental incompetence, Ms. White's voluntary signing of her 1991 refund application is binding. *See Braza v. Off. of Pers. Mgmt.*, 598 F.3d 1315, 1319 (Fed. Cir. 2010). Ms. White bears the burden of establishing her eligibility for deferred retirement. *Cheeseman*, 791 F.2d at 141. Although she testified that she did not receive a refund, she did not provide any supporting evidence. S. Appx. 19. We hold the Board's decision that Ms. White applied for and received a refund is supported by substantial evidence.

Ms. White argues the Board erred by disregarding inconsistencies and omissions within OPM's records and the record below. Appellant's Informal Br. 5–6; Appellant's Informal Reply Br. 4–10. Ms. White's arguments amount to a dispute that the Board improperly weighed documents in the record, but "this court does not reweigh evidence on appeal." *In re NTP, Inc*, 654 F.3d 1279, 1292 (Fed. Cir. 2011). Our review is limited to whether the Board's findings are supported by substantial evidence, which does not include determining the credibility of the evidence relied on by the Board.

Ms. White argues the Board showed bias against her by portraying her as "disoriented and cognitively impaired," and bias for the agency by "failing to consider [her] corrections and updates properly." Appellant's Informal Br. 5–6. We may only grant a new hearing based on an administrative judge's bias if it rises to the standard of "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Dep't of Army*, 287 F.3d 1358, 1362 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Ms. White does not cite specific examples for either of her claims or point to evidence of "deep-seated favoritism" for the agency or "antagonism" against her. *Bieber*, 287 F.3d at 1362. While the Board cited Ms. White's failure to recall certain elements of the case, it directly quoted her testimony. S. Appx. 16–

17.  This does not demonstrate deep-seated favoritism or antagonism warranting a new hearing.

## CONCLUSION

We have considered Ms. White's remaining arguments and find them unpersuasive.  We affirm the Board's decision affirming OPM's denial of Ms. White's request for CSRS annuity.

## **AFFIRMED**

## COSTS

No costs.